**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, a Minor, by and through JANE DOE'S MOTHER, as Parent and Next of Kin, </br></br>Plaintiff,</br></br>v.</br></br>THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and BOARD OF EDUCATION FOR THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215,</br></br>Defendants. | No. |

**COMPLAINT**

NOW COMES the Plaintiff, JANE DOE, a Minor, by and through JANE DOE'S MOTHER, as Parent and Next of Kin, by and through her attorneys, OTUBUSIN & ASSOCIATES, P.C., and complains against the Defendants, THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and BOARD OF EDUCATION FOR THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215, as follows:

**JURISDICTION, VENUE AND PARTIES**

1. JANE DOE is a resident of Cook County, State of Illinois, and is not *sui juris* by virtue of her minority. JANE DOE's Mother, a Parent and Next of Kin of JANE DOE, is a resident of Cook County, State of Illinois and is over 18 years of age, and is otherwise *sui juris*.

2. This action is brought under a pseudonym to protect the identity of JANE DOE, who is a young child with a disability and a victim of sexual abuse. The identity of the parties has been made known to the Defendants under a separate cover.

3. Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 (hereinafter, "THORNTON FRACTIONAL") is the political/government subdivision/agency that operates the public schools in the communities of Burnham, Calumet City, Lansing and Lynwood, Illinois, with a principal place of business at 1601 Wentworth Avenue, Calumet City, Illinois 60409.

4. At all relevant times, THORNTON FRACTIONAL operated and/or directed operations at THORNTON FRACTIONAL NORTH located at 755 Pulaski Road, Calumet City, Illinois 60409, and was the primary employer of the school principal and teachers.

5. Defendant BOARD OF EDUCATION FOR THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 [hereinafter, 'BOARD OF EDUCATION"] is the political/government subdivision/agency and a 7-member Board of Education that is responsible for the financial, organizational, and governance oversight of THORNTON FRACTIONAL. Its principal place of business is located at Center for Academics and Technology, 1605 Wentworth Avenue, Calumet City, Illinois 60409.

6. At all relevant times, BOE operated and /or directed operations at THORNTON FRACTIONAL NORTH located at 755 Pulaski Road, Calumet City, Illinois 60409, and was the primary employer of the school principal and teachers.

7. The Court has federal questions subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and §1337, and 20 U.S.C. §1681(a).

8. The Court has supplemental jurisdiction on the state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. §1391 as the Defendants reside in this District and

a substantial part of the events and omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

10. At all relevant times, JANE DOE was a fifteen year old student at THORNTON FRACTIONA NORTH. Defendants assigned her to a class supervised by one of their teachers. She was born in 1998.

11. On September 27, 2014, the school held a home coming dance at the school premises and the party was attended by the students under the supervision of the teachers of the school.

12. Upon information and belief, while the party was going on and without adequate supervision by the teachers, one of the students lured JANE DOE to the boys' locker room and forced JANE DOE to engage in a lengthy sexual activity - oral, vaginal and rectal without a condom.

13. Prior to this incident, JANE DOE was a virgin and has never had any sexual intercourse prior to this assault.

14. The teachers who were overseeing the school party became aware of the specific nature of the incident the day that it occurred when JANE DOE and another student informed the teachers about what happened while the dance was still going on.

15. Neither THORNTON FRACTIONAL NORTH nor the teachers called JANE DOE's mother to inform her about what happened to JANE DOE.

16. Following the September 27, 2014 incident, the Mother of JANE DOE pulled JANE DOE out of THORNTON FRACTIONAL NORTH because of the devastating effect of the sexual assault on JANE DOE.

17. It was a month after the September 27, 2014 incident that the teachers called the Mother of JANE DOE in for conference to advise her that she could not keep JANE DOE at home anymore.

18. Therefore, there is no dispute that Dr. Dwayne Evans, in his capacity as the principal of THORNTON FRACTIONAL NORTH, had actual knowledge no later than September 27, 2014 of the sexual nature of the incident, the identities of the students involved, and the location of the incident (specifically, the boys' locker room in the gym).

19. Upon information and belief, Dr. Evans reported this same information to her supervisors and authorities at the THORNTON FRACTIONAL and BOARD OF EDUCATION.

20. Upon information and belief, Mark McDaniels and S. Posley, the students' teachers were also informed of the incidents, the students involved, and the sexual nature of the conduct.

21. Despite this notice and knowledge, the Defendants took no action to address the incident or otherwise protect JANE DOE. She continued to attend the same class as the offender after the September 27, 2014, and also, on field trips and attendance at another party, and no restrictions were put on the offender as it pertained to JANE DOE, nor did the supervision of JANE DOE change. At the same time, the Defendants did nothing to warn the parents of students and families that their children were allowed to move around the school without proper supervision, or of the known danger posed by the offender.

22. On several occasions after September 27, 2014, the offender was seen in the same

vicinity as JANE DOE without any protection being afforded to JANE DOE by the Defendants.

23. Subsequently, the offender made over fifteen (15) telephone calls to JANE DOE and threatened to shoot her in the head, and, as a result, the offender was expelled from THORNTON FRACTIONAL NORTH.

24. On information and belief, the Defendants never reported the September 27, 2014 to DCFS.

25. LARABIDA CHILDREN'S HOSPITAL did the evaluation of JANE DOE for the Calumet City Police Department and reported the incident to DCFS.

26. As a result of this sexual abuse and the Defendants' reactions, JANE DOE has suffered and will continue to suffer severe psychological and emotional injuries.

27. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorneys' fees.

28. All conditions precedent to bringing the claims in this lawsuit have been satisfied and/or waived.

29. On or about July 15, 2015, Plaintiff sent a claim notice to Thornton Fractional Township High School District 215.

## COUNT I
### Defendant Thornton Fractional Township High School District 215.
### Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq.

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 above as if fully pled herein.

31. At all relevant times, the education program or activity at THORNTON FRACTIONAL NORTH received federal financial assistance.

32. JANE DOE had a right to not be subject to sexual discrimination, harassment, assault or abuse while she participated in that education program or activity.

33. Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 had actual notice of the violation of JANE DOE's rights no later than September 27, 2014.

34. Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215, by and through its agents and employees, including, but not limited to, Dr. Evans, Mr. McDaniels and Ms. Posley, had authority to address the acts of abuse and institute corrective measures.

35. The decisions of Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215, by and through its agents and employees, including, but not limited to, Dr. Evans, Mr. McDaniels and Ms. Posley, to allow the offender to have unfettered, unsupervised access to JANE DOE and not institute any corrective measures were official decisions to ignore the danger of sexual abuse to JANE DOE and the threat posed to her and other children.

36. The September 27, 2014 incident alerted Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and its agents and representatives, to the offender's propensity to commit sexually abusive acts on other students while on school grounds, and that offensive, harmful activity could occur if the children were left unsupervised at a school sponsored party.

37. Despite this actual notice, THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and its agents and representatives, acted with deliberate indifference in failing to take any action to restrict the offender's unsupervised and

unfettered access to JANE DOE.

38. Moreover, THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and its agents and representatives, acted with deliberate indifference in failing to take any action to prevent children from being left alone unsupervised at a school sponsored party given the actual knowledge of the risk that it created.

39. Additionally, THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 and its agents and representatives, acted with deliberate indifference, by choosing not to make a mandated report to DCFS in clear violation of 325 ILCS 5/3, given that JANE DOE met the criteria for a "neglected child."

40. As a result of these decisions, JANE DOE was sexually abused by the offender.

41. JANE DOE has suffered damages as a result of Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215's deliberate indifference.

WHEREFORE, Plaintiffs demand compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

### COUNT II
### Defendant Thornton Fractional Board of Education
### Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq.

42. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 above as if fully pled herein.

43. At all relevant times, the education program or activity at THORNTON FRACTIONAL NORTH received federal financial assistance.

44. JANE DOE had a right to not be subject to sexual discrimination, harassment, assault or abuse while she participated in that education program or activity.

7

45. Defendant BOARD OF EDUCATION had actual notice of the violation of JANE DOE's rights no later than September 27, 2014.

46. Defendant BOARD OF EDUCATION, by and through its agents and employees, including, but not limited to, Dr. Evans, Mr. McDaniels and Ms. Posley, had authority to address the acts of abuse and institute corrective measures.

47. The decisions of Defendant BOARD OF EDUCATION, by and through its agents and employees, including, but not limited to, Dr. Evans, Mr. McDaniels and Ms. Posley, to allow the offender to have unfettered, unsupervised access to JANE DOE and not institute any corrective measures were official decisions to ignore the danger of sexual abuse to JANE DOE and the threat posed to her and other children.

48. The September 2014 complaint alerted Defendant BOARD OF EDUCATION and its agents and representatives, to the offender's propensity to commit sexually abusive acts on other students while on school grounds, and that offensive, harmful activity could occur if the children were left unsupervised at a school sponsored party.

49. Despite this actual notice, BOARD OF EDUCATION and its agents and representatives, acted with deliberate indifference in failing to take any action to restrict the offender's unsupervised and unfettered access to JANE DOE.

50. Moreover, BOARD OF EDUCATION and its agents and representatives, acted with deliberate indifference in failing to take any action to prevent children from being left alone unsupervised at a school sponsored party given the actual knowledge of the risk that it created.

51. Additionally, BOARD OF EDUCATION and its agents and representatives, acted with deliberate indifference, by choosing not to make a mandated report to DCFS in clear violation of 325 ILCS 5/3, given that JANE DOE met the criteria for a "neglected child."

52. As a result of these decisions, JANE DOE was sexually abused by the offender.

53. JANE DOE has suffered damages as a result of Defendant BOARD OF EDUCATION's deliberate indifference.

WHEREFORE, Plaintiffs demand compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

### COUNT III
### Defendant Thornton Fractional Township High School District 215
### Negligence

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 above as if fully pled herein.

55. At all relevant times, Plaintiff JANE DOE was a student at THORNTON FRACTIONAL NORTH, which is under the supervision, direction and control of Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215.

56. Defendant THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215 had a duty to protect the safety of the minors who attended Thornton Fractional North and who were entrusted in its care, including JANE DOE.

57. Defendant had a duty to reasonably supervise the activities of the offender, another student entrusted to its care, including interactions with other children like JANE

DOE.

58. Defendant had a duty to properly train and supervise the teachers in their duties as teachers, including setting and enforcing policies relating to the supervision of children, unauthorized leaving the school sponsored party premises, and the proper way to respond to an allegation of sexual abuse.

59. Defendant had a duty to reasonably supervise the activities of the teachers, employees entrusted with the care and supervision of JANE DOE, to ensure that no children were put at an unreasonable risk of harm for sexual abuse due to their failure to properly supervise the school, or due to the deliberate choice to ignore red flags like the sexually aggressive behavior of the offender the occurred on the school premises.

60. Defendant had a duty to respond to the initial incident of sexual abuse in such a way as to prevent additional incidents from happening, and so as to prevent additional damage to JANE DOE.

61. Defendant knew or should have known that the offender, having committed harmful and offensive sexual act against JANE DOE, had a propensity to commit such acts in the future.

62. Defendant's conduct in allowing the offender to have unfettered access to JANE DOE at Thornton Fractional North was unreasonable under the circumstances and shows a conscious disregard of the safety and welfare of the minors entrusted to its care.

63. Defendant's conduct in responding to the incident was unreasonable under the circumstances and shows a deliberate intention to harm or otherwise conscious

disregard for the safety and welfare of JANE DOE and other children entrusted to their care.

64. Defendant's failure to properly train and supervise the activities of the teachers was unreasonable under the circumstances and shows a conscious disregard for the safety and welfare of the children entrusted to their care.

65. The incident of sexual abuse could not have occurred but for a deliberate failure to properly supervise the children.

66. The acts and omissions of Defendant, which led to the sexual abuse of JANE DOE, were wilful and wanton.

67. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered, and will continue to suffer physical, mental, and emotional damages.

WHEREFORE, Plaintiffs demand judgment against THORNTON FRACTIONAL TOWNSHIP HIGH SCHOOL DISTRICT 215, for compensatory damages, costs, and such other and further relief as this Court deems just and reasonable.

### COUNT III
### Defendant Board of Education
### Negligence

68. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 above as if fully pled herein.

69. At all relevant times, Plaintiff JANE DOE was a student at THORNTON FRACTIONAL NORTH, which is under the supervision, direction and control of Defendant BOARD OF EDUCATION.

70. Defendant BOARD OF EDUCATION had a duty to protect the safety of the minors who attended THORNTON FRACTIONAL NORTH and who were entrusted in its

care, including JANE DOE.

71. Defendant had a duty to reasonably supervise the activities of the offender, another student entrusted to its care, including interactions with other children like JANE DOE.

72. Defendant had a duty to properly train and supervise the teachers in their duties as teachers, including setting and enforcing policies relating to the supervision of children, unauthorized leaving the school sponsored party premises, and the proper way to respond to an allegation of sexual abuse.

73. Defendant had a duty to respond to the initial incident of sexual abuse in such a way as to prevent additional incidents from happening, and so as to prevent additional damage to JANE DOE.

74. Defendant knew or should have known that the offender, having committed harmful and offensive sexual act against JANE DOE, had a propensity to commit such acts in the future.

75. Defendant's conduct in allowing the offender to have unfettered access to JANE DOE at THORNTON FRACTIONAL NORTH was unreasonable under the circumstances and shows a conscious disregard of the safety and welfare of the minors entrusted to its care.

76. Defendant's conduct in responding to the incident was unreasonable under the circumstances and shows a deliberate intention to harm or otherwise conscious disregard for the safety and welfare of JANE DOE and other children entrusted to their care.

77. Defendant's failure to properly train and supervise the activities of the teachers was

unreasonable under the circumstances and shows a conscious disregard for the safety and welfare of the children entrusted to their care.

78. The incident of sexual abuse could not have occurred but for a deliberate failure to properly supervise the children.

79. The acts and omissions of Defendant, which led to the sexual abuse of JANE DOE, were wilful and wanton.

80. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered, and will continue to suffer physical, mental, and emotional damages.

WHEREFORE, Plaintiffs demand judgment against the BOARD OF EDUCATION, for compensatory damages, costs, and such other and further relief as this Court deems just and reasonable.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action as a matter of right.

Respectfully submitted,

By: /s/ Paul O. Otubusin
One of Plaintiff's Attorneys

Date: August 28, 2015

Paul O. Otubusin, Esq.
ARDC No: 6205261
**OTUBUSIN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481 (Fax)